[Civ. No. 14310. First Dist., Div. Two. May 23, 1950.]

HELEN A. STOECKLE, Appellant, v. DIRECTOR OF THE DEPARTMENT OF SOCIAL WELFARE, Respondent.

Russell P. Studebaker for Appellant.

Fred N. Howser, Attorney General, and Miriam E. Wolff, Deputy Attorney General, for Respondent.

NOURSE, P. J.—Plaintiff sued to restrain the Department of Social Welfare from enforcing the licensing provisions of section 1620(a) of the Welfare and Institutions Code. Defendant had judgment, the trial court finding that plaintiff was conducting a "day nursery" within the meaning of the Act.

Section 1620 provides that no one may without a license from the Department "(a) Maintain or conduct any institution, boarding home, day nursery, or other place for the reception, or care, of children under sixteen years of age, nor engage in the business of receiving or caring for such children, nor receive nor care for any such child in the absence of its parents or guardian, either with or without compensation."

The stipulated facts are that appellant took two groups of children, one aged 3½ to 4½ years, the other aged from 4½ to 5½ years.

It is conceded that the school is a private enterprise conducted for profit. Also that two sessions are held daily— one from 9 a. m. to 12 noon, the other from 1 p. m. to 3:30

p. m. The children engage in songs, games and stories, supervised handiwork with building blocks, finger painting and drawing.

The trial court found that the institution was a "day nursery" under the terms of the act. The appellant says that the institution is a kindergarten and hence not within the act. This is the meat of the controversy. Clearly the appellant does not meet the age requirements of the Education Code for admission to a kindergarten. Section 8401 fixes that age limit to children between 4½ and 6 years. There is no statute expressly covering private kindergartens but it is fair to assume that if it were necessary to define such an institution it would follow the same pattern as to age limits as that fixed in the code.

There being no definition of a day nursery in the code it is fair to assume that the Legislature intended some pre-public school institution "receiving or caring for" children of pre-public school age. The institution conducted by appellant accepts children who are of pre-kindergarten age. There is no reasonable basis upon which it could be said that appellant's school is a kindergarten and nothing more. The trial court found that it was a "day nursery" which sounds like a good name for it. But if the court was in error in giving it that designation the judgment must nevertheless be affirmed because the institution is certainly a home "for the reception, or care, of children under 16 years of age" under the terms of the statute.

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.